IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN LOAIZA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JEANNE WOODFORD, Warden,<br>ET AL.,<br><br>　　　　　Defendants.<br>_____ | No. C 05-3366 JSW (PR)<br><br><br>**ORDER OF SERVICE** |

## INTRODUCTION

Plaintiff, a prisoner of the state of California who is incarcerated at California State Prison-Los Angeles County (CSP-LAC) has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. This order serves the complaint. A separate order entered this date grants Plaintiff's motion for leave to proceed *in forma pauperis*.

## BACKGROUND

Plaintiff makes the following allegations in his verified complaint.

On July 28, 2003, Plaintiff was placed in administrative segregation at San Quentin State Prison (SQSP) for conspiring to escape during a Native American religious program. On August 12, 2003, prison officials determined that there was not enough information to support the issuance of a CDC-115 rules violation report. However, Plaintiff was retained in administrative segregation for 456 days, during which time he was transferred to administrative segregation facilities in four different prisons. Eventually, on October 27, 2004, he was transferred to CSP-LAC, where he currently resides.

Plaintiff maintains that his indeterminate detention in administrative segregation did not comply with the constitutional requirements of due process. He names as Defendants Jeanne Woodford, who was the warden at SQSP when the detention decision was made and is now the Director of the Department of Corrections, and T. Goughnour and D. Dacanay, both Chief Deputy Wardens at SQSP. He alleges that these Defendants were directly responsible for placing and retaining him in administrative segregation. He seeks damages of $100 for

each day he was wrongly retained. He states that he has exhausted his administrative remedies with respect to this claim.

**DISCUSSION**

I.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed, however. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II.   Legal Claims

Plaintiff claims that his unjustifiably lengthy retention in ad seg violated his right to due process under the Fourteenth Amendment. Interests that are procedurally protected by the Due Process Clause may arise from two sources--the Due Process Clause itself and the laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). Although the hardship associated with administrative segregation is not so severe as to violate the Due Process Clause itself, *see Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986), changes in conditions of confinement may amount to a deprivation of a state-created and constitutionally protected liberty interest, provided the liberty interest in question is one of "real substance," *see Sandin v. Conner*, 515 U.S. 472, 477, 484-87 (1995), and, in particular, where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *see id.* at 484. Indefinite placement in administrative segregation may amount to a deprivation of a liberty interest of real substance within the meaning of

*Sandin*, i.e., an "atypical and significant hardship." *See Wilkinson v. Austin*, 125 S. Ct. 2384, 2394-95 (2005).

When prison officials determine that a prisoner is to be segregated for administrative reasons and a liberty interest of real substance is implicated, due process requires that such officials hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the charges against him or the reasons segregation is being considered, and allow the prisoner to present his views. *See Toussaint*, 801 F.2d at 1100; *see also Wilkinson*, 125 S. Ct. at 2397 (determining prisoner constitutionally entitled only to informal, non-adversary procedures prior to assignment to "supermax" facility). Due process also requires that an evidentiary basis exist for a prison official's decision to place an inmate in segregation for administrative reasons. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *Toussaint*, 801 F.2d at 1104-05. This standard is met if there is "some evidence" from which the conclusion of the administrative tribunal can be deduced. *Id.* at 1105. Where a prisoner is confined to administrative segregation for an indeterminate period of time, prison officials must engage in some sort of periodic review of his confinement, *see Hewitt v. Helms*, 459 U.S. 460, 477 n.9 (1983); *Toussaint*, 801 F.2d at 1101, which must amount to more than "meaningless gestures," *Toussaint v. Rowland*, 711 F. Supp. 536, 540 n.11 (N.D. Cal. 1989) (citing *Toussaint*, 801 F.2d at 1102).

Here, Plaintiff alleges that prison officials had no basis for continuing to hold him in administrative segregation once it was determined that a rules violation report would not be filed, and that the periodic reviews he was provided were inadequate. He also maintains that the length of time he was retained in administrative segregation, along with his numerous transfers, including to a prison at which he had known enemies, constituted an atypical and significant hardship under *Sandin*. Liberally construed, Plaintiff's allegations state a cognizable due process claim against the named Defendants.

## CONCLUSION

For the foregoing reasons,

1. Plaintiff's due process claim may proceed. The Clerk of the Court shall issue

summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and all attachments thereto, and a copy of this order upon: **Jeanne Woodford, former Warden at SQSP and now Director of the California Department of Corrections in Sacramento, SQSP Chief Deputy Warden T. Goughnour, and SQSP Chief Deputy Warden D. Dacanay.** The Clerk shall also serve a copy of this order on Plaintiff.

    2. In order to expedite the resolution of this case, the Court orders as follows:

        a. No later than **sixty (60) days** from the date of this order, Defendants shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. All papers filed with the Court shall be promptly served on the Plaintiff.

        b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to Plaintiff:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

    c. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making the motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is received. Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

5. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  1/10/06

JEFFREY S. WHITE
United States District Judge